## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ALMESHIA COLLINS | ) |
| | ) |
| | ) **CIVIL ACTION** |
| Plaintiff, | ) **File No.** |
| | ) |
| v. | ) |
| | ) **JURY TRIAL REQUESTED** |
| FREEDOM TRAILERS, LLC | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Almeshia Collins files this Complaint against Freedom Trailers, LLC ("Defendant" or "Freedom Trailers") showing as follows:

### Introduction

1. This is an egregious case of sexual harassment, sexually hostile work environment, and sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). During Ms. Collins' employment with Freedom Trailers, she was subjected to severe and pervasive sexual harassment by its employees, including managers whose job it was to prevent and correct a sexually hostile work environment. Ultimately, Freedom Trailers did nothing except warn the harasser not to do it again and fire Ms. Collins for pretextual and retaliatory reasons.

Ms. Collins seeks relief under Title VII and Georgia law for the sexual harassment and retaliation that she was subjected to during her employment.

## Jurisdiction and Venue

2.Plaintiff's Title VII claims present federal questions over which this court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f)(3). The Court also has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

3.Venue is proper in this District under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. § 1391(b) and (c).

## Administrative Proceedings

4.Plaintiff timely filed a Charge of Discrimination with the EEOC and received a notice of right to sue letter within the last 90 days. She has complied with all other conditions precedent to the institution of this lawsuit.

## The Parties

5.Plaintiff is a citizen of the United States and resident of the state of Georgia.

6.Freedom Trailers is a limited liability company in Georgia. Freedom Trailers builds custom concession and cargo trailers

7. At all relevant times, Plaintiff was an employee of Freedom Trailers within the meaning of Title VII.

8. Defendant Freedom Trailers may be served with process by delivering a copy of the summons and complaint to its registered agent, Hal Baxley.

**Factual Background**

9. Ms. Collins began her employment with Freedom Trailers in July 2020 performing quality control work.

10. On October 20, 2020, she was sexually harassed by her male co-worker Chandler Davis.

11. Mr. Davis approached Ms. Collins and grabbed her buttocks.

12. The same day, Mr. Davis also grabbed her vagina.

13. He also told another female co-worker: "Keep talking, keep looking at me and I'm going to stick this big old dick inside your asshole."

14. Ms. Collins reported this conduct to her supervisors.

15. When Ms. Collins reported this to supervisor Mike Mathis, he said he would talk to Mr. Davis and stated: "I will tell him someone else saw him do it, I'll just drop a bug in his ear."

16. Ms. Collins also reported this to a supervisor named Bubba, who told you that next time Mr. Davis touches her, to "grab a handful of his dick."

17. Mr. Mathis and Bubba did not take Ms. Collins' complaints about the unwelcome sexual harassment that she experienced seriously, even though Mr. Davis told Ms. Collins that he would do it again.

18. In fact, on November 6, 2020, Mr. Mathis then added to the sexual harassment with inappropriate comments of his own, including making comments about the size of Ms. Collins' buttocks and telling her that she should "go to the bathroom and take a picture of [her] vagina and send it to [him]" if she wanted a raise.

19. Ms. Collins reported the aforementioned sexual harassment to Human Resources and again in a separate conversation with the owner of the company.

20. Ms. Collins' complaints were ignored.

21. Indeed, the day after engaging in protected activity and reporting sexual harassment, Ms. Collins was blatantly retaliated against.

22. Ms. Collins' co-workers were instructed not to speak with her and on November 9, she was falsely accused of sexually harassing a male co-worker named Billy.

23. Mr. Mathis claimed that Ms. Collins grabbed Billy's nipples and butt, which is not truthful.

24. When Ms. Collins told Mr. Mathis that his conduct and Mr. Davis' conduct constituted sexual harassment, he said: "If you take it to court, it won't get far – I have enough money to stop this."

25. In the meantime, the company encouraged Ms. Collins' co-workers to lie about her conduct in an effort to terminate her employment.

26. Ms. Collins was out of work from November 10, 2020 through November 13, 2020 (Tuesday through Friday) as a result of a disability, and appraised Defendant and provided doctor's notes.

27. On Friday, November 13, 2020, Ms. Collins filed an EEOC Charge against Defendant asserting claims under Title VII.

28. When Ms. Collins came to work on Monday, November 16, 2020, she was terminated.

29. Ms. Collins was fired one day after filing her EEOC charge and three weeks after her first complaint of sex discrimination.

30. Ms. Collins was fired based on bogus allegations that *she* engaged in sexual harassment and supposedly smelled like marijuana. Both allegations are not truthful and are pretextual.

## COUNT I
## Sexually Hostile Work Environment in Violation of Title VII

31. Plaintiff incorporates by reference the paragraphs 1 through 30 of the Complaint as if fully stated herein.

32. Plaintiffs were subjected to severe and pervasive sexual comments, sexual advances, and/or unwanted physical touching, as outlined above.

33. Plaintiff reported the sexually hostile work environment to her supervisor, human resources, and Defendant's owner.

34. At all times relevant to this action, Defendant knew or should have known of the existence of a sexually hostile work environment, but failed to take remedial action to prevent or correct the harassment or protect Plaintiff.

35. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior after Plaintiff reported Mr. Davis and Mr. Mathis' harassment.

36. Additionally, Mr. Davis and Mr. Mathis were acting in the course and scope of their employment with Defendant, making it vicariously liable for the actions of Mr. Davis and Mr. Mathis under a theory of *respondeat superior*.

37. Defendant willfully and wantonly disregarded Plaintiff's rights.

38. As a result of Defendant's unlawful actions, Plaintiff suffered emotional distress, inconvenience, humiliation, and other indignities.

39. As a result of Defendant's violation of Title VII, Plaintiffs is entitled to recover any lost economic benefits of their employment, compensatory and punitive damages, and reasonable attorneys' fees and costs, as well as equitable and injunctive relief.

## COUNT II
### Retaliation in Violation of Title VII

40. Plaintiff incorporates by reference the foregoing paragraphs 1 through 30 of the Complaint as if fully stated herein.

41. Plaintiff engaged in protected activity by complaining about sex discrimination and a sexually hostile work environment, opposing the same, and filing a charge of discrimination with the U.S. E.E.O.C., as outlined above.

42. Defendant retaliated against Plaintiff by subjecting her to various adverse employment actions, including but not limited to, harassing her, falsely accusing her of sexual harassment, and ultimately firing her.

43. Defendant's actions, in taking adverse employment actions against Plaintiff for engaging in statutorily protected activity by complaining of, and opposing, a sexually hostile work environment, constitute unlawful intentional retaliation in violation of Title VII.

44. Defendant willfully and wantonly disregarded Plaintiff's rights, failed to take protective and corrective action on Plaintiff's behalf, and retaliated against Plaintiff in bad faith.

45. As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, inconvenience, humiliation, and other indignities.

46. As a result of Defendant's violations of Title VII, Plaintiff is entitled to recover any lost economic benefits of their employment, compensatory and punitive damages, and reasonable attorneys' fees and costs, as well as equitable and injunctive relief.

## COUNT III
**Invasion of Privacy**

47. Plaintiff incorporates by reference the foregoing paragraphs 1 through 30 of the Complaint as if fully stated herein.

48. The tort of Invasion of Privacy is actionable under Georgia law upon proof that an individual unreasonably intruded into another person's private concerns in a manner that "would be offensive or objectionable to a reasonable person." *Troncalli v. Jones*, 237 Ga. App. 10, 14, 514 S.E.2d 478, 482 (1999).

49. Mr. Davis and Mr. Mathis' actions described above involving unwanted sexual and inappropriate touching of Plaintiff constituted the tort of Invasion of Privacy under Georgia law.

50. At all relevant times, Mr. Davis and Mr. Mathis were acting in the course and scope of their employment with Defendant, making Defendant vicariously liable for their actions under a theory of *respondeat superior*.

51. Based on Defendant's actual and constructive knowledge of Defendant's misconduct, coupled with their failure to intercede on Plaintiff's behalf and retention of the perpetrators of the harassment, Defendant condoned, adopted, and ratified their conduct, making it also liable for their actions.

52. As a result of Defendant's unlawful actions, Plaintiff suffered emotional distress, inconvenience, humiliation, and other indignities.

## COUNT IV
**Battery**

53. Plaintiff incorporates by reference paragraphs 1 through 30 of the Complaint.

54. Mr. Davis' conduct and actions alleged herein toward Plaintiff amounted to the unwanted and offensive touching of Plaintiff, constituting a battery.

55. At all relevant times, Mr. Davis was acting in the course and scope of his employment with Defendants, making Defendant vicariously liable for his actions under a theory of *respondeat superior*.

56. Based on Defendant's actual and constructive knowledge of Mr. Mathis' misconduct, coupled with their failure to intercede on Plaintiff's behalf and retention of the perpetrators of the harassment, Defendants condoned, adopted, and ratified Mr. Davis' conduct, making it liable for his battery of Plaintiff.

57. Because Defendant ultimately fired Plaintiff and retained Mr. Davis after he sexually harassed her, Defendant is vicariously liable for the battery of Plaintiff.

58. Because Defendant retained Mr. Davis without an investigation even after Plaintiff complained of his unwanted touching, Defendant is vicariously liable for the battery of Plaintiff.

## COUNT V
### Negligent Retention and/or Negligent Supervision

59. Plaintiff incorporate the foregoing paragraphs 1 through 30 of the Complaint by reference as if fully stated herein.

60. Throughout Plaintiff's employment, Mr. Mathis and Mr. Davis subjected her to sexual comments, offensive touching, and other sexual harassment.

61. Upon information and belief, Defendant was aware of the sexual harassment, assault, and battery of Plaintiff and yet it continued to require Plaintiff to report to Mr. Mathis and work with Mr. Davis, and did not discipline them for their unlawful conduct.

62. Defendant failed to take any remedial action toward Mr. Mathis or Mr. Davis during Plaintiff's employment.

63. Defendant took no steps to correct the sexually harassing work environment that existed during Plaintiff's employment.

64. The sexually harassing work environment included, but is not limited to, inappropriate touching and inappropriate comments.

65. Defendant negligently retained Mr. Davis and Mr. Mathis, thereby ratifying, condoning, and adopting their conduct, making it liable for the negligent supervision and retention of Mathis and Davis.

## COUNT VI
## Punitive Damages under O.C.G.A. § 51-12-5.1

66. Plaintiff incorporates the paragraphs 1 through 30.

67. All of Defendant's unlawful conduct set forth herein was intentional, willful, malicious, and conducted with the deliberate intent to harm Plaintiff, or was done with reckless disregard for Plaintiff and her rights.

68. Accordingly, Defendant is liable to Plaintiff for punitive damages.

11

## COUNT VII
## Attorneys' Fees and Costs under O.C.G.A. § 13-6-11

69. Plaintiff incorporates the foregoing paragraphs 1 through 30 of the Complaint by reference as if fully stated herein.

70. By Defendant's actions described above, and by its stubborn litigiousness prior to and during this lawsuit, Defendant acted in bad faith, was stubbornly litigious, and put Plaintiff to unnecessary trouble and expense.

71. Thus, under O.C.G.A. § 13-6-11, Plaintiff is entitled to recover her attorneys' fees and expenses incurred in prosecuting this action.

**WHEREFORE**, Plaintiff demands a TRIAL BY JURY and, as follows:

a. A declaratory judgment that Defendant engaged in unlawful employment practices in violation of Title VII and Georgia law;

b. An injunction prohibiting Defendant from engaging in unlawful employment practices in violation of Title VII and Georgia law;

c. An award of back pay, including all lost wages and benefits, and pay increases Plaintiff would have received absent the harassment, and all other benefits of employment reducible to a dollar value;

d. An award of pre-judgment and post-judgment interest as required;

e. Compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

f. Punitive damages in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish Defendant for their conduct toward Plaintiff and deter Defendant from similar conduct in the future;

g. Reasonable attorneys' fees and costs; and

h. Other and further relief as the Court deems just and proper.

Respectfully submitted on September 22, 2022.

**HALL & LAMPROS LLP**

*/s/ Rachel Berlin Benjamin*
Rachel Berlin Benjamin
Georgia Bar No. 707419
rachel@hallandlampros.com
Brian J. Sutherland
Georgia Bar No. 105408
brian@hallandlampros.com
300 Galleria Pkwy SE, Suite 300
Atlanta, GA 30339
Telephone: (404) 876-8100
Facsimile: (404) 876-3477