IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **ALMESHIA COLLINS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v.   : | CASE NO: 7:22-cv-135 (WLS) |
| : | |
| **FREEDOM TRAILERS LLC,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

## ORDER

This matter is before the Court on the Defendant's Motion to Dismiss (Doc. 25) ("Dismissal Motion") filed May 26, 2023. Therein, Defendant requests that the Court dismiss Plaintiff's case with prejudice for failure to prosecute her case. The Court notes that Plaintiff has failed to comply with the Court's Order (Doc. 24) ("Show Cause Order") entered May 15, 2023, requiring Plaintiff to show cause (i) why she failed to keep the Court informed of the correct address for serving notices, orders, pleadings, and other papers on Plaintiff, (ii) why she failed to comply with the Court's Order (Doc. 23) requiring Plaintiff to respond completely to discovery; and (iii) why her complaint should not be dismissed with prejudice. *See* Show Cause Order 1-2 (outlining Plaintiff's history in failing to prosecute her case and failure to comply with the Court's orders). Plaintiff was advised that failure to comply with the Court's Show Cause Order could result in the dismissal of her complaint, with prejudice, without further notice. *Id.* Plaintiff never responded to the Court's Show Cause Order. Nor did she respond to the Dismissal Motion.

"Dismissal under Rule 41(b) is appropriate where there is a clear record of "willful" contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal with prejudice is a severe sanction and "properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–

38 (11th Cir. 2005) (internal quotation marks omitted) (citation omitted). "Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Gratton,* 178 F.3d at 1375.

Because Plaintiff is proceeding *pro se*, her pleadings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, the problem here is that Plaintiff is not filing the required documents to respond to Defendant's discovery requests. Nor has she filed any objections to the discovery requests for the Court's consideration. Most concerning to the Court, is that she has completely ignored and failed to comply with the Court's orders that she respond to discovery. Plaintiff failed to respond to the Show Cause Order. She has been given multiple warnings that she must comply with this Court's Orders and with the Federal Rules of Civil Procedure.[1] She has failed to do so. Based on the foregoing, and the Court's review of its prior Orders and warnings to Plaintiff, the Court finds that Plaintiff has engaged in a clear pattern of delay and willful contempt. This case cannot move forward without appropriate discovery and participation by the Plaintiff. Plaintiff has wasted five of the six months allowed for discovery in this case. Based on Plaintiff's continuing failure to comply with the Court's orders with clear warnings of the consequences, there is no reason for the Court to believe Plaintiff will adjust her conduct and begin cooperating with opposing counsel or begin complying with this Court's orders. The Court finds that dismissal with prejudice is the appropriate sanction and that any lesser sanction will not be sufficient.

Accordingly, Defendant's Motion to Dismiss (Doc. 25) is hereby **GRANTED** and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**, this 15th day of June 2023.

                                                 /s/ W. Louis Sands
                                                 **W. LOUIS SANDS, SR. JUDGE**
                                                 **UNITED STATES DISTRICT COURT**

---

[1] Liberal construction of *pro se* filings does not require courts to ignore the Federal Rules of Civil Procedure. "A party who proceeds *pro se* must comply with the same procedural rules that other litigants must follow." *Diaz v. AT&T Mobility*, No. 1:10-CV-3356-RLV-JSA, 2013 WL 12098747, at *3-4 (N.D. Ga. July 19, 2013), *adopted by*, 2013 WL 12097948 (N.D. Ga. Aug. 9, 2013).